# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### Civil Action No.:

| | |
|---|---|
| **BARRY MORAVEC** | : |
| **6969 Lucia Drive** | : |
| **Burlington, Ky 41005** | : |
| | : **VERIFIED COMPLAINT FOR** |
| | : **INJUNCTIVE, DECLARATORY** |
| | : **RELIEF, AND ATTORNEY FEES** |
| | : |
| **v.** | : |
| | : |
| **ANDREW BESHEAR** | : |
| **in his official capacity as** | : |
| **Governor of Kentucky** | : |
| **700 Capitol Avenue Suite 100** | : |
| **Frankfort, Kentucky 40601** | : |
| | : |
| **And** | : |
| | : |
| **DANIEL CAMERON** | : |
| **in his official capacity as** | : |
| **Attorney General of Kentucky** | : |
| **700 Capital Avenue, Suite 118** | : |
| **Frankfort, Kentucky 40601** | : |

---

## COMPLAINT

---

COMES NOW the Plaintiff, Barry Moravec, by and through counsel, and for his Complaint against Governor Andrew Beshear and Attorney General Daniel Cameron hereby alleges as follows.

## INTRODUCTION

1. This action seeks injunctive and declaratory relief against Governor Andrew Beshear and Attorney General Daniel Cameron for their unconstitutional infringement upon the Plaintiff's

state and federal constitutional rights, through the enforcement of the Kentucky Sex Offender Registry (KYSOR) under Kentucky Revised Statutes Chapter 17, specially KRS 17.500 – 17.580 ("KRS Sex Offender Registry Statute"), and the listing of the Plaintiff's image, likeness and home address on the Kentucky Sex Offender Registry" (KYSOR).  Plaintiff has never committed a "sex crime", and said listing infringes on his rights under the United States and Kentucky Constitutions, as more thoroughly detailed below.

## JURISDICTION AND VENUE

2. This action arises under the Constitution and laws of the United States and is brought pursuant to 42 USC §1983. Jurisdiction is conferred on this Court pursuant to Title 28 USC §1331. Jurisdiction supporting the Plaintiff's claim for attorney fees and costs is conferred by 42 USC §1988.

3. This Court has personal jurisdiction over all of the parties. All parties reside in the Commonwealth of Kentucky. Governor Andrew Beshear and Attorney General Daniel Cameron hold political offices and transact business in the Commonwealth of Kentucky.

4. Venue is proper in the Eastern District of Kentucky pursuant to 28 USC §1391(b). All of the events relevant to the claims set forth in this Complaint occurred within the Boone County, Kentucky, which lies in the Eastern District of Kentucky.

## THE PARTIES

5. Plaintiff Moravec resides at 6969 Lucia Drive, Burlington, Boone County, Kentucky. Moravec was convicted of twenty-five (25) counts of Possession or Viewing of Matter Portraying a Sexual Performance by a Minor (in violation of KRS 531.335) in the Boone County Circuit Court on November 22, 2017. On February 16, 2018, Moravec was sentenced

2

to five years in prison, probated for five years, on the condition that he serve 180 days, and register for life as sex offender in the Commonwealth of Kentucky, pursuant to KRS 17.150. Moravec specifically objected to his requirement to register as a sex offender as part of his plea.

6. On or about November 22, 2022, Moravec had completed his probation and all required classes, and was released from the oversight of the Boone Circuit Court. On or about that same date and time, Moravec requested removal from the KYSOR. The Commonwealth of Kentucky, as authorized by the Defendants, through the Kentucky State Police, refused this request. Moravec's name, image, and home address remains on the KYSOR, and he continues to have his federal constitutional rights infringed upon as a result.

7. Defendant Governor Andrew Beshear is, and at all times relevant to this Complaint was, the Governor of the Commonwealth of Kentucky. In his capacity as Governor of the Commonwealth of Kentucky, Governor Beshear is empowered to enforce all laws of the state.

8. Defendant Governor Andrew Beshear is sued in his official capacity as the Governor of the Commonwealth of Kentucky.

9. Defendant Attorney General Daniel Cameron is, and at all times relevant to this Complaint was, the Attorney General of the Commonwealth of Kentucky. In his capacity as Attorney General of the Commonwealth of Kentucky, Attorney General Cameron is empowered to enforce all laws of the state.

10. Defendant Attorney General Daniel Cameron is sued in his official capacity as the Attorney General of the Commonwealth of Kentucky.

3

## FACTUAL ALLEGATIONS

11. Moravec was convicted in the Boone County Circuit Court on November 22, 2017, under KRS 531.335. On February 16, 2018, Moravec was sentenced to five years in prison, probated for five years, on the condition that he serve 180 days, and register for life as sex offender in the Commonwealth of Kentucky, pursuant to KRS 17.150.

12. Following the entry of his plea, Moravec successfully completed the Sex Offender Treatment Program (SOTP), as established by KRS 197.400-197.440. This was completed under the supervision and guidance of a licensed professional therapist. Upon completion of said SOTP, Moravec continues to attend regular group sessions on a bi-weekly basis.

13. Moravec served 5 years on supervised probation, and was released from probation, early, on November 22, 2022.

14. This conviction was Moravec's first and only contact with the criminal justice system. He has never had any illicit or unlawful contacts with minors in his entire life.

15. The crimes for which he was convicted involved viewing images which he obtained from the World Wide Web. There has never been any allegation or any claim whatsoever that Moravec ever had any illegal physical contact with any human being in a sexual fashion, minor or otherwise.

16. Other than this conviction Mr. Moravec as lived a life free of crime, he has a college education, he has maintained steady employment, attends church regularly, and by all accounts has lived a normal and productive life.

17. Upon completion of his SOTP, his therapist rendered a professional opinion, that Moravec is not a danger to society, nor is he a danger to reoffend.

4

18. Moravec's conviction was under KRS 531.335.  This, by definition is NOT a "sex crime" under the Laws of Kentucky.

19. Under Kentucky's sex offender registration scheme, the limitations placed on the liberty of a defendant, such as Moravec who simply *looked* at prohibited images, is *exactly the same* as a defendant who committed a violent rape, produced, and distributed child pornography, engaged in human trafficking, sexually abused a minor, or engaged in sodomy, rape, or other violent sexual assaults against minors. KRS 17.500.

20. As  lifetime registered sex offender, Moravec's name, likeness and home address are displayed for the world to see for the rest of his life, subjecting him to a lifetime of mockery, ridicule, shame, as well as limitations on employment, where he can reside, where he can travel, organizations he can join, and in general, acts as grossly disproportionate punishment and/or status in relation to his crime.

21. The Plaintiff's sex offender registration information appears on the internet for viewing by the public, including his image, his address, and other private information.

22. Moravec has petitioned the Kentucky State Police for removal from the SOR multiple times, each time he was denied.  He was most recently denied on December 7, 2022.

23. The Plaintiff has never committed any sex offense, violent offence,  or been accused of committing any sex offense.

24. Since his release from probation, Moravec's listing on the KYSOR has limited his ability to work, travel, worship, and in general has limited his ability to pursue life, liberty, and happiness.

25. There is zero evidence or research to support lifetime sex offender registry for someone in Moravec's class. Instead, all the KYSOR accomplishes is to provide information to

the entire world to harass, isolate, discriminate and demonize Plaintiff who have completed their treatment and who pose no demonstrable risk to community safety, whatsoever. The sex offender registries encourage vigilante justice and violence toward the people who appear on the registries.

26. 34 U.S. Code § 20921 establishes the federal standards for registration of individuals convicted of "sex crimes". This system establishes a "tiered" system, based up the severity of the alleged sex crime.  This system provides that more severe crimes result in more lengthy registration requirements. It therefore provides shorter registration requirements for individuals convicted of less severe crimes. Kentucky's registration system does not provide shorter registration requirements for individuals convicted of less severe crimes.  This has directly damaged Plaintiff.

27. Under Kentucky Law, Moravec's crime is not defined as a "sex crime", rather a "crime against a minor".  KRS 17.500.  This in spite of the fact that Moravec never physically engaged in any physical contact whatsoever with any minor.

28. Kentucky Courts have held that listing on the Kentucky Sex Offender Registry for a person convicted of a "crime against a minor" is distinguishable from a "sex crime" and that the listing on the Kentucky Sex Offender Registry distinguishes the difference between the two. In reality, it does not.

29. Moravec's name, image and address,  appear on KYSOR where he is clearly identified as a sexual criminal / predator.  He is not a sexual criminal or a predator.

6

## CLAIM FOR RELIEF

### Pursuant to 42 USC § 1983 against the Defendants for prospective injunctive and declaratory relief

30. The KRS Sex Offender Registry Statute and the KYSOR were enacted to protect the public from individuals guilty of crimes classified as "sex crimes". Applying such a registration to one who has, by definition, *not* been convicted of a "sex crime" is and arbitrary and capricious exercise of government authority.

31. The Plaintiff has a constitutional right to privacy, under the First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. Disclosure of the Plaintiff's name, image, and address, identifying him a "sex criminal" on the KYSOR amounts to a governmental limitation upon his right to personal privacy as guaranteed by the United States Constitution.

32. The Plaintiff has a constitutional right under the Fourth Amendment to the U.S. Constitution, to free, private, and anonymous domestic movement without governmental abridgement. Disclosure of the Plaintiff's name, image, and address, identifying him a "sex criminal" on the KYSOR, amounts to a governmental limitation upon Plaintiff's right to free domestic movement as guaranteed by the United States Constitution.

33. The Plaintiff has a constitutional right under the Eighth Amendment of the U.S. constitution to be free from cruel and unusual punishment. Disclosure of the Plaintiff's name, image, and address, identifying him a "sex criminal" on the KYSOR, amounts to a governmental limitation upon right to be free from cruel and unusual punishment as guaranteed by the United States Constitution.

34. The Kentucky Constitution guarantees the Plaintiff the right to worship according to the dictates of his own conscience, the right to seek and pursue safety and happiness, the right to communicate his thoughts and opinions, the right to acquire and protect property, to be free from arbitrary and absolute power over his life and liberty, and the right against cruel and unusual punishment. . Disclosure of the Plaintiff's name, image, and address, identifying him a "sex criminal" on the KYSOR, amounts to an unreasonable governmental limitation upon all of these rights.

35. While Plaintiff's crimes are not classified as a "sex crime" under any law, disclosure of the Plaintiff's name, image, and address, identifying him a "sex criminal" on the KYSOR clearly identifies him as such, amounting to a governmental limitation upon all of those rights enumerated hereinabove.

36. In enacting and enforcing the KRS Sex Offender Registry Statute, as it applies to the Plaintiff, the Defendants have caused, and continue cause Plaintiff to be deprived of those rights, privileges and immunities secured by the U.S. and the Kentucky Constitution, by classifying him as a *de facto* "sex criminal", when in fact, under Kentucky Law, he is not a "sex criminal", all in violation of 42 USC § 1983.

37. There is no compelling need warranting the denial of Plaintiff's rights, privileges and immunities secured by the U.S. and the Kentucky Constitution.

38. Plaintiff is now severely and irreparably injured by the disclosure of the his name, address, image and likeness on the KYSOR. The severe emotional distress, suffering, and psychological harm caused by the Government's actions as described hereinabove can only be redressed if this Court declares the inclusion of Moravec and those similarly situated on the KYSOR, and enjoins Governor Beshear and Attorney General Cameron

8

from enforcing it

39. The Plaintiff is entitled to an injunction against the enforcement of the requirements of the Kentucky Sex Offender Registration Statute, and to an order prohibiting the Kentucky State Police or other state official or agency from including his name, image and home address on the KYSOR, inasmuch as he is not a "sex criminal", yet the KYSOR clearly labels him as such, in violation of his state and federal constitutional rights as enumerated hereinabove.

40. The Plaintiff is entitled to their Attorney Fees and Costs pursuant to 42 USC § 1988.

WHEREFORE, the Plaintiff prays for the following relief:

1. A declaration that those portions of Kentucky Sex Offender Registration Statute which apply to anyone who has not committed a "sex crime" be declared unconstitutional, both facially and as it may be applied against Plaintiff;

2. Preliminary and permanent injunctive relief prohibiting Defendants from enforcing the Kentucky Sex Offender Registration Statute. as applied to the Plaintiff:

3. An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4. Any other such award or relief that the Court deems just and proper.

Respectfully submitted on this the 6th Day of March 2023.

/s/ Paul Dickman
Paul J. Dickman
19 W. 11th Street
Covington, KY 41011
(859) 491-7999
Fax: (859) 491-7998
attorney@fuse.net
**Attorney for the Plaintiff**

## VERIFICATION

I, Barry Moravec, hereby verify that I have read and understand the factual allegations contained herein, and that they are true and accurate to the best of my knowledge.

_____
BARRY MORAVEC

**COMMONWEALTH OF KENTUCKY**
**COUNTY OF KENTON**

The above affidavit was acknowledged and signed before me, a notary public, this 18th day of _____ by BARRY MORAVEC.

Paul J. Dickman
Notary Public, ID KYNP53980
State at Large, Kentucky
My Commission Expires on July 6, 2026

_____
Notary Public, State at Large

My commission Expires: _____7/6/26_____