UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BARRY MORAVEC, <br><br> Plaintiff, <br><br> V. <br><br> DANIEL CAMERON, *in his official Capacity as Attorney General of Kentucky, et al.*, <br><br> Defendants. | Civil No. 3:23-cv-00011-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Dismiss filed by Attorney General Daniel Cameron. [R. 4.] Plaintiff Barry Moravec claims that General Cameron violated several of his rights protected by the United States Constitution by requiring him to register as a sex offender. [R. 1.] General Cameron moves to dismiss, arguing that Mr. Moravec lacks standing, and that Mr. Moravec has failed to state a claim. [R. 4.] Because Mr. Moravec fails to establish the elements of standing, Attorney General Cameron's motion to dismiss **[R. 4]** is **GRANTED**.

**I**

In 2017, the Boone County Circuit Court convicted Mr. Moravec of possessing or viewing a matter portraying a sexual performance by a minor, in violation of KRS 531.335[1]. [R. 1 at 4.] Mr. Moravec alleges that his crime only involved viewing online images, not making any physical, sexual contact with a minor. *Id.* Because of his conviction, Mr. Moravec claims

---

[1] For consistency, the facts of this matter are recited from another Memorandum Opinion and Order that addresses Mr. Moravec's claims against another defendant in this matter. *See Moravec v. Beshear*, Civil No. 3:23-cv-00011, 2023 U.S. Dist. LEXIS 166233, at \*1-3 (E.D. Ky. Sep. 18, 2023).

that Kentucky law designates him as having committed a "crime against a minor" rather than a "sex crime." *Id.* at 6.

Nevertheless, Kentucky law requires Mr. Moravec to register as a sex offender for life. *Id.* at 5. Mr. Moravec believes this requirement renders him indistinguishable to the public from an offender who "committed a violent rape, produced[] and distributed child pornography, engaged in human trafficking, [or] sexually abused a minor . . . ." *Id.* Mr. Moravec alleges that his registered status has harmed his reputation, has "limited his ability to work, travel, worship, and in general has limited his ability to pursue life, liberty, and happiness." *Id.*

Mr. Moravec has asked the Kentucky State Police to remove him from the registry several times, with his most recent denial occurring in December of 2022. *Id.* Frustrated with the results, Mr. Moravec turned to litigation. He filed this lawsuit in March of 2023 against Andrew Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, and Daniel Cameron, its Attorney General. *Id.* at 3. Mr. Moravec argues that Governor Beshear and Attorney General Cameron's enforcement of the Kentucky Sex Offender Registry Statute violates his rights under the First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. *Id.* at 7–8. Mr. Moravec seeks an injunction preventing the continued enforcement of the statute and a declaration that it is unconstitutional "both facially and as it may be applied" "to anyone who has not committed a 'sex crime[.]'" *Id.* at 9.

Now, General Cameron moves to dismiss the claims against him. [R. 4.] He argues that Mr. Moravec lacks standing to sue the Attorney General, which prevents the Court from exercising its subject matter jurisdiction. [R. 4 at 2.] General Cameron also asserts that Mr. Moravec's complaint should be dismissed because it fails to state a claim. *Id*. at 7. The matter is now ripe for review.

2

**II**

Article III of the United States Constitution limits federal courts to hearing "Cases" and "Controversies." U.S. Const. art. III, § 2. Under the case and controversy requirement, a federal court lacks subject matter jurisdiction over a claim unless the plaintiff has standing to assert it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing must be independently established as to each claim and defendant. *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022). To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial opinion." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Each of these elements must be satisfied for jurisdiction to exist because each represents "an 'irreducible constitutional minimum.'" *Turaani v. Wray*, 988 F.3d 313, 316 (6th Cir. 2021) (quoting *Lujan*, 504 U.S. at 560).

General Cameron asserts that Mr. Moravec cannot satisfy any of the elements of standing. General Cameron contends that any alleged injury cannot be traced to the actions of his office, and that an injunction against him would not redress Mr. Moravec's injury. [R. 4 at 4-6.] Additionally, the Attorney General argues that the Complaint fails to establish an injury in fact because there is no violation of a constitutionally protected interest. *Id*. at 6.

The first element, injury in fact, requires that a plaintiff suffer "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560. "There are two potential theories of injury—actual present injury and imminent future injury." *Doe v. Univ. of Michigan*, 78 F.4th 929, 942 (6th Cir. 2023) (internal quotations and citation omitted). Importantly, the injury must be present not only

3

at the time the complaint is filed, but through all stages of the litigation. *Id*. (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

The second element, traceability, "looks to whether the defendant's actions have a 'causal connection' to the plaintiff's injury." *Turaani*, 988 F.3d at 316 (quoting *Lujan*, 504 U.S. at 560). This element is frequently at issue when a plaintiff challenges a law by suing an official who may or may not have the authority to enforce it. 13A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3531.5 (3d ed. 2023). Indirect harms, meaning those resulting from the actions of a third party, cannot establish causation for standing. *Turaani*, 988 F.3d at 316 (citing *Warth v. Seldin*, 422 U.S. 490, 505 (1975) and *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42 (1976)). Unless the defendant's acts had a "determinative or coercive effect" on the third party, the plaintiff's "quarrel is with the third party, not the defendant." *Id*. (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997)).

The third element, redressability, focuses on whether "the Court's remedial powers would redress the claimed injuries." *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 74 (1978). If there is "no realistic remedy available, there is no point in deciding the merits." *Young v. Klutznick*, 652 F.2d 617, 625 n.8 (6th Cir. 1981).

The Attorney General brings his motion under Rules 12(b)(1) and 12(b)(6).[2] [R. 4.] Rule 12(b)(1) permits a litigant to contest a court's subject matter jurisdiction over a case. Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction may be brought at any time during a proceeding. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). Motions to dismiss based on a lack of subject matter jurisdiction take two forms. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack merely questions the

---

[2] Because the Court ultimately concludes that it lacks subject matter jurisdiction to hear the claims against Attorney General Cameron, it does not reach his Rule 12(b)(6) arguments.

4

sufficiency of the pleadings set forth in the complaint to support jurisdiction. *Id.* On the other hand, a factual attack raises a factual controversy that challenges the predicate basis for jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

General Cameron's motion represents a facial attack on subject matter jurisdiction. He invites the Court to consider whether the facts assumed in the complaint can sustain jurisdiction as a matter of law, questioning only Mr. Moravec's legal conclusions. [*See* R. 4 at 2-7.] Accordingly, the Court must take the allegations in Mr. Moravec's complaint as true and construe them in the light most favorable to his position. *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). As the party invoking federal jurisdiction, however, Mr. Moravec bears the burden of establishing his standing. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). What Mr. Moravec must show to have standing to seek injunctive or related declaratory relief is that Attorney General Cameron "can and may take some enforcement action against [him]." *Universal Life Church*, 35 F.4th at 1032.

General Cameron claims that he neither had a role in establishing or maintaining the Kentucky Sex Offender Registry, nor in deciding whose name must be registered. [R. 4 at 4–5.] In response, Mr. Moravec points to the Attorney General's role as the "chief prosecutor of the Commonwealth. [R. 10 at 6.] Mr. Moravec claims that he has standing because the Attorney General, as the chief law enforcement officer for the Commonwealth, is someone "who can threaten or can commence proceedings . . . to enforce against parties affected an unconstitutional act, violating the Federal Constitution." *Id*. Mr. Moravec reasons that the Attorney General's general authority to ensure that the Commonwealth's laws are enforced creates a connection with the enforcement of the sex offender registry statute, and that the Attorney General may be enjoined from such action. *Id*. (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

5

Unfortunately for Mr. Moravec, his claims are contrary to controlling law. "*Ex Parte Young* permits a private party to seek prospective injunctive relief against state officials in their official capacity before those official's violate the plaintiff's federal constitutional or statutory rights." *Block v. Canepa*, 74 F.4th 400, 406 (6th Cir. 2023). But *Ex Parte Young* "does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute." *Id*. (internal quotations and citations omitted). "General enforcement authority is insufficient." *EMW Women's Surgical Center, P.S.C. v. Beshear*, 920 F.3d 421, 445 (6th Cir. 2019).

Indeed, the Attorney General is "the chief law officer of the Commonwealth." Ky. Rev. Stat. Ann. § 15.020(1) (West 2021). He has the responsibility to "exercise all common law duties and authority pertaining to the office of the Attorney General under the common law, except when modified by statutory enactment." *Id*. Kentucky law does not, however, require the Attorney General to represent the Commonwealth "where it is made the duty of the Commonwealth's attorney or county attorney" instead. Ky. Rev. Stat. Ann. § 15.020(3) (West 2021). "That is what we have here." *EMW Women's Surgical Center, P.S.C.*. 920 F.3d at 445.

The Kentucky statute governing the Commonwealth's Sex Offender Registry mandates that noncompliance be reported by the Justice and Public Safety Cabinet to "the appropriate county or Commonwealth's Attorney for prosecution." Ky. Rev. Stat. Ann. § 17.510(13)(c) (West 2021). Thus, the duty to enforce compliance with Kentucky's Sex Offender Registry lies not with the Attorney General, but with the Commonwealth's attorneys and the county attorneys. That fact makes this case analogous to *EMW Women's Surgical Center, P.S.C.*, where the Sixth Circuit held that Kentucky's Attorney General was not a proper party to the matter at issue there. *See* 920 F.3d at 444-45.

In *EMW Women's Surgical Center, P.S.C*, plaintiffs filed an action to enjoin then-Attorney General Andrew Beshear from enforcing "House Bill 2," which requires doctors, prior to performing an abortion, to relate certain information to their pregnant patients. *Id*. at 423-25. Then-General Beshear argued that he was not a proper party to the matter because "'an attorney general's status as the chief law enforcement officer of the state is not a sufficient connection' to fall into [the *Ex Parte Young*] exception [to the Eleventh Amendment]." *Id*. at 444-45. The Sixth Circuit agreed. Because "[m]ultiple local prosecutors—the Commonwealth's and county attorneys—have the duty to enforce [House Bill 2]," there was no "imminent threat" of prosecution by the Attorney General. *Id*. at 445-46. The same is true here. Prosecutorial discretion for non-compliance with Kentucky's Sex Offender Registry lay with the Commonwealth's and county attorneys, not with the Attorney General. Accordingly, *Ex Parte Young* does not apply because any enforcement authority held by General Cameron is too remote.

Whether analyzed as a standing defect or a requirement of *Ex Parte Young*, General Cameron's general powers do not permit Mr. Moravec to sue him in his official capacity. Absent a specific action by the Attorney General that caused Mr. Moravec's alleged injury, the connection to General Cameron is simply too attenuated. *Children's Healthcare is a Legal Duty v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996). For this reason, the Court must dismiss the claims against General Cameron.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Attorney General Cameron's Motion to Dismiss **[R. 4]** is **GRANTED**; and

2. All of the Plaintiff's claims against Defendant Daniel Cameron in his Official Capacity as Attorney General of Kentucky are **DISMISSED** without prejudice.

This the 28th day of November, 2023.

Gregory F. Van Tatenhove
United States District Judge